UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
UNITED STATES OF AMERICA,

                        Plaintiff,               **REPORT AND**
-against-                             **RECOMMENDATION**

JAMELA L. HAMILTON,                 18-CV-2011 (ADS)(SIL)

                        Defendant.
-------------------------------------------------------------------x

**STEVEN I. LOCKE, United States Magistrate Judge:**

By way of Complaint dated April 4, 2018, Plaintiff United States of America, on behalf of its agency, the United States Social Security Administration ("Plaintiff" or the "SSA"), commenced this action against Defendant Jamela L. Hamilton ("Defendant" or "Hamilton") pursuant to the Social Security Act, 42 U.S.C. § 301 *et seq.*, seeking reimbursement for alleged overpayments of disability insurance benefits. *See* Complaint ("Compl."), Docket Entry ("DE") [1]. Presently before the Court, on referral from the Honorable Arthur D. Spatt for Report and Recommendation, is Plaintiff's motion for a default judgment. *See* DE [12]. For the reasons set forth below, the Court respectfully recommends denying the motion without prejudice, and with leave to renew the filing upon curing the deficiencies detailed herein.

**I.    Background**

The following facts are taken from the Complaint and presumed true for the purpose of this motion.

In May 2003, Hamilton was informed by the SSA that she and her two dependent children were entitled to monthly disability benefits beginning in March 2002. *See* Compl. ¶ 18, 19.[1] By letter dated May 30, 2013, Plaintiff was notified that she might have become ineligible for further payments as a result of her recent employment history. *See id.* ¶ 21. Hamilton was therefore given ten days to provide details on her work status so that a final decision regarding her benefits could be reached. *See id.* ¶ 22. Defendant never provided the requested information. *See id.* ¶ 23. Thus, the SSA again wrote Hamilton on February 6, 2014, informing her that a further review of her record indicated that her eligibility for benefits had ended in January 2009. *See id.* ¶ 24. As of that date, Defendant had purportedly been overpaid $77,219.50. *See id.* The SSA similarly concluded that Hamilton's dependent children were no longer eligible for benefits, and that $37,373 in overpayments had been made on their behalf. *See id.* ¶ 25. As a result, Plaintiff informed Hamilton that she had 30 days to either: (i) begin making repayments; or (ii) request reconsideration and/or waiver of the SSA's determination. *See id.* ¶ 26. Defendant again failed to respond or tender a payment. *See id.* ¶ 27. On January 2, 2017, Plaintiff wrote Hamilton once more demanding reimbursement of $115,947.50, comprised of the past due amounts for herself and her children. *See id.* ¶ 28. No repayment was ever made. *See id.* ¶ 30.

Based on the foregoing, the SSA commenced this action on April 4, 2018. *See* DE [1]. In its Complaint, Plaintiff asserts one cause of action pursuant to 42 U.S.C.

---

[1] Defendant presumably began receiving payments shortly thereafter.

§ 404, seeking reimbursement for overpayments of Social Security benefits made to Hamilton. *See id.* ¶ 33-34. The SSA requests the principal amount of $115,947.50, plus fees, costs, and interest. *See id.*, Wherefore Clauses.

Plaintiff served the Summons and Complaint on Defendant on April 16, 2018. *See* DE [4]. On May 3, 2018, Jeffrey Keith Weiner ("Mr. Weiner") appeared on Hamilton's behalf and moved, with the SSA's consent, for an extension of time to respond to the Complaint because Defendant was "confident" that the matter could be settled. *See* DEs [5], [6]. Judge Spatt granted the request and gave Hamilton until June 4, 2018 to file a responsive pleading. *See* May 5, 208 Electronic Order. As of December 12, 2018, no further activity had occurred in the action and, as a result, Judge Spatt issued a Notice of Impending Dismissal, directing Plaintiff to inform the Court why the matter should not be dismissed for failure to prosecute pursuant to Fed. R. Civ. P. 41(b). *See* DE [7]. In response, the SSA wrote the Court, indicating that it had mis-calendared Hamilton's deadline to answer and seeking permission to move for a default judgment on or before January 15, 2019. *See* DE [8]. Judge Spatt granted Plaintiff leave to make the instant motion. *See* DE [9]. Noting that Defendant had "failed to appear or otherwise defend this action," the Clerk of the Court entered her default on January 14, 2019. *See* DE [11]. On March 25, 2019, more than two months after the default was noted, the SSA filed the instant motion, *see* DE [13], which Judge Spatt subsequently referred to this Court for report and recommendation. *See* DE [14].

In its motion, Plaintiff details the initial service of process on Defendant, and states that "neither … Hamilton nor counsel purporting to represent her has filed any papers in the instant action." *See* Declaration of Edward Newman in Support of Entry for Default Judgment ("Newman Decl."), DE [13-1], ¶¶ 3-18. Thus, the SSA seeks judgment against Defendant for the full amount pled in the Complaint, plus $103 in costs, for a total amount of $116,040.50. *See id.* ¶¶ 19-22. The filing, however, is devoid of a certificate of service or any other assertion that the motion was served on Defendant or Mr. Weiner.

## II.  Discussion

Motions for default judgment are governed by Rule 55 of the Federal Rules of Civil Procedure, which provides for a two-step process. *See* Fed. R. Civ. P. 55; *Priestley v. Headminder, Inc.*, 647 F.3d 497, 504-05 (2d Cir. 2011). Initially, the moving party must obtain a certificate of default from the Clerk of the Court. *See* Fed. R. Civ. P. 55(a). Once the certificate of default is issued, the moving party may apply for entry of a default judgment. *See* Fed. R. Civ. P. 55(b). However, "[it] is well established that a party is not entitled to a default judgment as a matter of right; rather the entry of a default judgment is entrusted to the sound discretion of the court." *Allstate Ins. Co. v. Howell*, No. 09-cv-4660, 2013 WL 5447152, at *1 (E.D.N.Y. Sept. 30, 2013) (internal quotation and citation omitted). In this regard, "the Court must ensure that (1) Plaintiff took all the required procedural steps in moving for default judgment pursuant to Local Civ. R. 55.2(c); and (2) Plaintiff's allegations, when accepted as true, establish liability as a matter of law." *SAC Fund II 0826, LLC*

*v. Burnell's Enterprises, Inc.*, 18-cv-3504, 2019 WL 5694078, at *4 (E.D.N.Y. Sept. 7, 2019), r*eport and recommendation adopted*, 2019 WL 5956526 (E.D.N.Y. Nov. 13, 2019) (citing *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009)); *see also Bhagwat v. Queens Carpet Mall, Inc.*, 14-cv-5474, 2017 WL 9989598, at *1 (E.D.N.Y. Nov. 21, 2017) ("A motion for default judgment will not be granted unless the party making to motion adheres to all of the applicable procedural rules").  In addition to following the Federal Rules of Civil Procedure, the moving party must ensure that the "motion adheres to certain local and individual rules."  *See Bhagwat v. Queens Carpet Mall, Inc.*, 14-cv-5474, 2015 WL 13738456, at *1 (E.D.N.Y. Nov. 24, 2015) ("*Bhagwat II*").

Rule 55.2(c) of the Local Rules of the United States District Courts for the Southern and Eastern District of New York requires that "all papers submitted to the Court" in connection with a default judgment motion "shall simultaneously be mailed to the party against whom a default judgment is sought at the last known residence of such party (if an individual) …." Local Civ. R. 55.2(c).  In addition, "[p]roof of such mailing shall be filed with the Court."  *Id*.  "It is important that individuals be given notice that a party is asking the Court to enter a default judgment against them.  The Eastern District has determined that the best way to ensure such notice is provided is to require that a motion be served on the individual's residence."  *Miss Jones, LLC v. Viera*, 18-cv-1398, 2019 WL 926670, at *4 (E.D.N.Y. Feb. 5, 2019), *report and recommendation adopted*, 2019 WL 955279 (E.D.N.Y. Feb. 26, 2019).

To that end, "failure to comply with Local Rule 55.2(c) warrants denial of the motion for default judgment."  *Allstate Ins. Co. v. Abramov*, 16-cv-1465, 2019 WL

5

1177854, at *3 (E.D.N.Y. Feb. 21, 2019), *report and recommendation adopted*, 2019 WL 1172381 (E.D.N.Y. Mar. 13, 2019) (citing *Lin v. Quality Woods, Inc.*, No. 17-cv-3043, 2019 U.S. Dist. LEXIS 14239 (E.D.N.Y. Jan. 28, 2019) (report and recommendation)). Indeed, courts in the Eastern and Southern Districts regularly deny such motions when strict procedural compliance is lacking. *See, e.g.*, *Vasquez v. Lahori Kebab & Grill Corp.*, 18-cv-2117, 2019 WL 4396724, at *3 (E.D.N.Y. Aug. 13, 2019), *report and recommendation adopted*, 2019 WL 4620922 (E.D.N.Y. Sept. 5, 2019) (denying motion for default judgment as to the defendants that were not listed on the declaration of service); *Saheed v. Parker*, 17-cv-6151, 2019 WL 1324026, at *3 (S.D.N.Y. Mar. 25, 2019) (denying motion for default judgment where "the docket [did not] reflect an affidavit of service demonstrating that Plaintiff's motion and supporting papers were mailed to Defendant"); *Allstate Ins. Co.*, 2019 WL 1177854, at *5 (denying motion for default judgment in its entirety where ten of the 25 defaulting defendants were improperly served with the motion); *Bhagwat II*, 2015 WL 13738456, at *1 (denying motion for default judgment, *inter alia*, because "Plaintiffs have failed to include … proof of mailing that [the] motion was served upon defaultees' last known mailing address").

In addition, courts have required compliance with Rule 55.2(c)'s service requirements regardless of whether the defaulting party is represented by counsel. *See Trustees of United Plant & Prod. Workers Local 175 Benefit Fund v. Capri Landscaping Inc.*, No. 16-cv-5527, 2018 WL 2078168, at *1 (E.D.N.Y. Feb. 26, 2018), *report and recommendation adopted sub nom.*, 2018 WL 2078181 (E.D.N.Y.

6

Mar. 22, 2018) ("Given the fact that counsel for the defendants had been in communication with plaintiff's counsel [regarding settlement] yet plaintiff failed to serve defendants with the instant motion [pursuant to Local Rule 55.2(c)], the Court respectfully reports and recommends that plaintiff's motion be denied, with leave to renew upon proof of service of the motion upon all defendants"); *cf. E. Armata, LLC v. Brachs Five Towns, LLC*, 16-cv-2894, 2016 WL 11281384, at *2; n. 1 (S.D.N.Y. Nov. 23, 2016), *report and recommendation adopted*, 2017 WL 213068 (S.D.N.Y. Jan. 18, 2017) (granting motion for default judgment after the parties' counsel unsuccessfully engaged in settlement negotiations, noting that the papers had been served on the defendants and their counsel pursuant to Local Rule 55.2(c)).[2]

Applying these standards, Plaintiff's motion is procedurally defective pursuant to Local Rule 55.2(c). Specifically, the SSA has not demonstrated that its motion papers were mailed to Hamilton or Mr. Weiner. Indeed, as discussed above, the filing is devoid of a certificate of service, or any other form of proof, representing that the motion was served.[3] Accordingly, Plaintiff has failed to follow Local Rule 55.2(c), and the Court respectfully recommends denying its motion for default judgment without prejudice on that ground, and with leave to renew once service of the motion is properly made.

---

[2] The Court is unaware of any decisions holding that Rule 55.2(c)'s service requirements are inapplicable for defendants who have appeared through counsel.

[3] The Court notes that insofar as Mr. Weiner might have received notice of the filing via ECF, the Local Rules require mailing of all motion papers nonetheless. *See* Local Civ. R. 55.2(c). Moreover, Plaintiff appears to doubt the extent to which Hamilton is represented by counsel. *See* Newman Decl. ¶ 18 ("neither … Hamilton *nor counsel purporting to represent her* has filed any papers in the instant action") (emphasis added).

7

### III. Conclusion

For the reasons set forth above, the Court respectfully recommends that the SSA's motion for default judgment against Hamilton be denied without prejudice, and with leave to renew upon curing the deficiencies detailed herein.

### IV. Objections

A copy of this Report and Recommendation is being served on Plaintiff by electronic filing on the date below. Plaintiff is directed to serve a copy of this Report and Recommendation on Defendant and promptly file proof of service by ECF. Any objections to this Report and Recommendation must be filed with the Clerk of the Court within 14 days of receipt of this report. Failure to file objections within the specified time waives the right to appeal the District Court's order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a); *Ferrer v. Woliver*, 05-cv-3696, 2008 WL 4951035, at *2 (2d Cir. Nov. 20, 2008); *Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

Dated:     Central Islip, New York
           November 26, 2019         /s/ Steven I. Locke
                                     STEVEN I. LOCKE
                                     United States Magistrate Judge

8