UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
UNITED STATES OF AMERICA,

                        Plaintiff,

    -against-

JAMELA L. HAMILTON,

                        Defendant.

-----------------------------------------------------------------x

**REPORT AND RECOMMENDATION**
18-cv-2011 (ADS)(SIL)

**STEVEN I. LOCKE, United States Magistrate Judge:**

By way of Complaint dated April 4, 2018, Plaintiff United States of America, on behalf of its agency, the United States Social Security Administration ("Plaintiff" or the "SSA"), commenced this action against Defendant Jamela L. Hamilton ("Defendant" or "Hamilton") pursuant to the Social Security Act, 42 U.S.C. § 301 *et seq.*, seeking reimbursement for alleged overpayments of disability insurance benefits. *See* Complaint ("Compl."), Docket Entry ("DE") [1]. Presently before the Court, on referral from the Honorable Arthur D. Spatt for Report and Recommendation, is Plaintiff's second motion for default judgment. *See* DE [18]. For the reasons set forth below, the Court respectfully recommends granting the motion in its entirety.

## I.    Background

The following facts are taken from the Complaint and are presumed true for purposes of this motion.

In May 2003, Hamilton was informed by the SSA that she and her two dependent children were entitled to monthly disability benefits beginning in March

2002. *See* Compl. ¶¶ 18, 19. By letter dated May 30, 2013, Plaintiff was notified that she might have become ineligible for further payments as a result of her recent employment history. *See id.* ¶ 21. Hamilton was therefore given ten days to provide details on her work status so that a final decision regarding her benefits could be reached. *See id.* ¶ 22. Defendant never provided the requested information. *See id.* ¶ 23. Thus, the SSA again wrote Hamilton on February 6, 2014, informing her that a further review of her record indicated that her eligibility for benefits had ended in January 2009. *See id.* ¶ 24. As of that date, Defendant had purportedly been overpaid $77,219.50. *See id.* The SSA similarly concluded that Hamilton's dependent children were no longer eligible for benefits, and that $37,373 in overpayments had been made on their behalf. *See id.* ¶ 25. As a result, Plaintiff informed Hamilton that she had 30 days to either: (i) begin making repayments; or (ii) request reconsideration and/or waiver of the SSA's determination. *See id.* ¶ 26. Defendant again failed to respond or tender a payment. *See id.* ¶ 27. On January 2, 2017, Plaintiff wrote Hamilton once more demanding reimbursement of $115,947.50, comprised of the past due amounts for herself and her children. *See id.* ¶ 28. No repayment was ever made. *See id.* ¶ 30.

Based on the foregoing, the SSA commenced this action on April 4, 2018. *See* DE [1]. In its Complaint, Plaintiff asserts one cause of action pursuant to 42 U.S.C. § 404, seeking reimbursement for overpayments of Social Security benefits made to Hamilton. *See id.* ¶¶ 33-34. The SSA requests the principal amount of $115,947.50, plus fees and costs. *See id.*, Wherefore Clauses.

Plaintiff served the Summons and Complaint on Defendant on April 16, 2018. *See* DE [4]. On May 3, 2018, Jeffrey Keith Weiner ("Mr. Weiner") appeared on Hamilton's behalf and moved, with the SSA's consent, for an extension of time to respond to the Complaint because Defendant was "confident" that the matter could be settled. *See* DEs [5], [6]. Judge Spatt granted the request and gave Hamilton until June 4, 2018 to file a responsive pleading. *See* May 5, 2018 Electronic Order. As of December 12, 2018, no further activity had occurred in the action and, as a result, Judge Spatt issued a Notice of Impending Dismissal, directing Plaintiff to inform the Court why the matter should not be dismissed for failure to prosecute pursuant to Fed. R. Civ. P. 41(b). *See* DE [7]. In response, the SSA wrote the Court, indicating that it had mis-calendared Hamilton's deadline to answer and seeking permission to move for a default judgment on or before January 15, 2019. *See* DE [8]. Judge Spatt granted Plaintiff leave to make its first motion for default judgment on January 3, 2019. *See* DE [9]. Noting that Defendant had "failed to appear or otherwise defend this action," the Clerk of the Court entered her default on January 14, 2019. *See* DE [11]. On March 25, 2019, more than two months after the default was noted, the SSA filed its first motion, *see* DE [13], which Judge Spatt subsequently referred to this Court for report and recommendation. *See* DE [14]. The motion was denied without prejudice, and Plaintiff was given leave to renew upon curing the deficiencies detailed in the Report and Recommendation. *See* DEs [15], [17]. On December 13, 2019, the SSA filed the instant motion, *see* DE [18], which Judge Spatt referred to this Court for report and recommendation on December 23, 2019. *See* DE [19].

## II.    Default Judgment Standard

Motions for default judgment are governed by Rule 55 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), which provides for a two-step process. *See* Fed. R. Civ. P. 55; *Priestley v. Headminder, Inc.*, 647 F.3d 497, 504-05 (2d Cir. 2011). Initially, the moving party must obtain a certificate of default from the Clerk of the Court. Fed. R. Civ. P. 55(a). Once the certificate of default is issued, the moving party may apply for entry of a default judgment. *Id.* at 55(b). Where a default occurs, the well-pleaded factual allegations set forth in a complaint relating to liability are deemed true. *Vermont Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 246 (2d Cir. 2004); *see also* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."). However, the entry of a default judgment is "entrusted to the sound judicial discretion of the court[,]" and a party is not entitled to a default judgment as a matter of right. *Allstate Ins. Co. v. Howell*, No. 09-cv-4660, 2013 WL 5447152, at *1 (E.D.N.Y. Sept. 30, 2013) (citation omitted).

A plaintiff seeking a default judgment must demonstrate that its "uncontroverted allegations, without more, establish the defendant's liability on each asserted cause of action." *Gunawan v. Sake Sushi Rest.*, 897 F. Supp. 2d 76, 83 (E.D.N.Y. 2012) (citations omitted). In determining whether to grant a motion for default judgment, the court has the "responsibility to ensure that the factual allegations, accepted as true, provide a proper basis for liability and relief." *Ferrera v. Tire Shop Ctr.*, No. 14-cv-4657, 2015 WL 3562624, at *2 (E.D.N.Y. Apr. 6, 2015),

4

*report and recommendation adopted*, 2015 WL 3604078 (E.D.N.Y. June 5, 2015) (internal quotation marks and citation omitted). Accordingly, prior to entering a default judgment, the court must determine whether the plaintiff's allegations establish the defendant's liability "as a matter of law." *Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC*, 779 F.3d 182, 187 (2d Cir. 2015) (citation omitted). This determination must satisfy three factors: "(1) whether the defendant's default was willful; (2) whether the defendant has a meritorious defense to plaintiff's claims; and (3) the level of prejudice the non-defaulting party would suffer as a result of the denial of the motion for default judgment." *Mason Tenders Dist. Council v. Duce Constr. Corp.*, No. 02-CV-9044, 2003 WL 1960584, at *2 (S.D.N.Y. Apr. 25, 2003); *see Enron Oil Corp. v. Diakuhara*; 10 F.3d 90, 96 (2d Cir. 1993).

## III.  Discussion

Based on the allegation that Hamilton failed to enter into a repayment agreement with the SSA, Plaintiff now seeks reimbursement for the entire balance on the debt due and payable to the United States, as well as the fees and costs associated therewith. *See* Plaintiff's Memorandum of Law in Support of the Motion for Default Judgment, DE [18-2], at 5. Initially, the failure of Defendant to respond to the Complaint demonstrates that the default was willful. *See, e.g., Allstate Ins. Co. v. Abramov*, No. 16-cv-1465, 2020 WL 1172697, at *4 (E.D.N.Y. Feb. 21, 2020). There was sufficient notice of the litigation because Hamilton was properly served with a summons and the Complaint. *See* Summons Issued to Jamela L. Hamilton,

DE [2].  The motion for default judgment was served *via* mail in accordance with Local Rule 55.2.  *See* Certificate of Service, DE [18-5].

Further, "the Court is unable to determine whether . . . Defendant[] ha[s] a meritorious defense to Plaintiff's allegations because [she has] presented no such defense to the Court."  *Allstate*, 2020 WL 1172697, at *5 (quoting *Indymac Bank, F.S.B. v. Nat'l Settlement Agency, Inc.*, 2007 WL 4468652, at *1 (S.D.N.Y. Dec. 20, 2007)).

Finally, Plaintiff would be prejudiced if the motion for default is denied.  "[T]here are no additional steps available to secure relief in this Court."  *Allstate*, 2020 WL 1172697, at *5; *see Sola Franchise Corp. v. Solo Salon Studios, Inc.*, 2015 WL 1299259, at *15 ("Without the entry of a default judgment, Plaintiff[] would be unable to recover for the claims adequately set forth in the Complaint.").  All three factors weigh in favor of an entry of default judgment against Hamilton.

### A. <u>Liability</u>

Having established that a default judgment may be appropriate, the Court must determine whether the facts alleged in the Complaint are sufficient to establish liability.  *See Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981); *Gov't Emps. Ins. Co. v. Spectrum Neurology Grp., LLC*, No. 14-cv-5277, 2016 WL 11395017, at *2 (E.D.N.Y. Feb. 17, 2016).  To obtain disability benefits from the SSA, Hamilton must remain disabled and refrain from engaging in substantial gainful activity.  *See* 42 U.S.C. § 423(a)(1); 20 C.F.R. § 404.1510.  If Defendant engaged in any substantial gainful activity, the benefits received during that time period are payments to which

she was not entitled.  *See id.*; *see also Feuer v. Astrue*, 6-cv-13478, 2008 WL 475554, at *2 (S.D.N.Y. Oct. 28, 2008).  The Commissioner of the SSA is required to recover any benefits paid to Hamilton in excess of what she was due.  42 U.S.C. § 404(a)(1); *see, e.g., Chlieb v. Heckler*, 777 F.2d 842, 846 (2d Cir. 1985); *Skrodzki v. Comm'r of Soc. Sec.*, 11-cv-5173, 2013 WL 55800, at *4 (E.D.N.Y. Jan. 3, 2013) (noting that the Commissioner is required to recover overpayment by decreasing amount of payments due to the individual, or by seeking a refund).

Based on the allegations made in the Complaint, Hamilton was found ineligible for disability benefits due to her substantial work activity.  *See* February 6, 2014 Letter to Jamela Hamilton, DE [1-4].  Specifically, Defendant was found ineligible for the following time periods: (i) September 2006 through December 2007; (ii) February 2008 through September 2008; (iii) November 2008; and (iv) January 2009 forward.  *See id.*  Therefore, Defendant was obligated to return what she had been overpaid.  *See* Certificate of Indebtedness of Sheretha Carraway, DE [1-7].  Accordingly, SSA has established that Hamilton is liable for the overpayment of social security benefits.

### B. **Remedies**

Once liability is established, the Court must ascertain damages with "reasonable certainty."  *Hosking v. New World Mortg., Inc.*, 570 Fed. Appx. 28, 31 (2d Cir. 2014) (internal quotation marks and citation omitted).  To prove damages, the plaintiff need only show that the "compensation sought relate[s] to the damages that naturally flow from the injuries pleaded."  *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 159 (2d Cir. 1992) (citation omitted).  An evidentiary

hearing is not required so long as there is a basis, demonstrated through detailed affidavits and other documentary evidence, for the damages awarded. *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc.*, 109 F.3d 105, 111 (2d Cir. 1997) (citations omitted).

The SSA seeks $115,947.50 in overpayment due and owing from Defendant. *See* DE [18-2], at 10. In support of this figure, Plaintiff has provided the Certificate of Indebtedness of Sheretha Carraway. *See* DE [1-7]. A certificate of indebtedness, certified under penalty of perjury, is sufficient evidence to grant a default judgment as a matter of law. *See United States v. Zdenek*, No. 10-cv-5566, 2011 WL 6754100, at *2 (E.D.N.Y. Dec. 22, 2011) (granting default judgment); *United States v. Tobee*, No. 10-cv-0731, 2010 WL 1853767, at *1 (E.D.N.Y. May 4, 2010) (same). Accordingly, Plaintiff is entitled to the amount stated therein.

The SSA also seeks fees and costs in the amount of $103.00. *See* Bill of Costs, DE [18-3]. In support of its request, Plaintiff has submitted a Bill of Costs, detailing the fee for printing and serving Defendant with the Complaint. *See id.* Reasonable and identifiable out-of-pocket disbursements ordinarily charged to clients are recoverable. *See LeBlanc–Sternberg v. Fletcher*, 143 F.3d 748, 763 (2d Cir. 1998); *see also 1st Bridge LLC v. 682 Jamaica Ave., LLC*, No. 08-cv-3401, 2010 WL 4608326, at *6 (E.D.N.Y. July 13, 2010) (Report and Recommendation), adopted by 2010 WL 4607409 (E.D.N.Y. Nov. 4, 2010) (setting forth the rule). However, the party seeking to recover costs "bears the burden of adequately documenting and itemizing the costs requested." *Ganci v. U.S. Limousine Serv. Ltd.*, No. 10-cv-3027, 2015 WL 1529772,

8

at *8 (E.D.N.Y. Apr. 2, 2015) (quoting *Pennacchio v. Powers*, No. 05-cv-985, 2011 WL 2945825, at *2 (E.D.N.Y. July 21, 2011)).

Here, Plaintiff has submitted sufficient documentary proof of the $103.00 for service of process fees. *See* DE [18-3]. Therefore, the Court recommends that the SSA be awarded $103.00 to recover for fees and costs.

## IV.    Conclusion

For the reasons set forth herein, the Court respectfully recommends that Plaintiff's motion for default be granted in its entirety. Specifically, the Court recommends that the SSA's motion as to Hamilton's liability be granted and that Plaintiff be awarded: (1) $115,947.50 in overpayment, and (2) $103.00 in fees and costs.

## V.    Objections

A copy of this Report and Recommendation is being served on Plaintiff by electronic filing on the date below. Plaintiff is directed to serve a copy of it on Defendant via first-class mail and file proof of service by ECF within three days of the date below. Any objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen days. *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72; Fed. R. Civ. P. 6(a) and 6(d). Failure to file objections within this period waives the right to appeal the District Court's Order. *See Ferrer v. Woliver*, No. 05-3696, 2008 WL 4951035, at *2 (2d Cir. Nov. 20, 2008); *Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

Dated:      Central Islip, New York
            July 7, 2020

                                    /s/ Steven I. Locke
                                    STEVEN I. LOCKE
                                    United States Magistrate Judge